PER CURIAM.
Appellants, plaintiffs below, seek reversal of orders dismissing with prejudice their suits for replevin of promissory notes allegedly in possession of the appellees, defendants below.
In their complaints, plaintiffs alleged that the respective defendants lawfully received possession of the promissory notes in question on December 1, 1976, under an oral stock purchase agreement. They further alleged that when, through no fault of their own, a condition subsequent was not performed, they demanded possession of the notes. Plaintiffs asserted that at that time the defendants wrongfully withheld delivery. Prior to trial the court dismissed the causes of action on the basis that the statute of limitations barred the plaintiffs’ claims.
The statute of limitations for recovery of specific personal property is four years. § 95.11(3)(i), Fla.Stat.(1981). However, the statute does not begin to run until the last element constituting a cause of action occurs. § 95.031(1). At the time of dismissal, nothing in the pleadings indicated the date when defendants’ possession became wrongful. Consequently, the trial court erred in dismissing the plaintiffs’ actions *539 without having evidence before it to determine the date when the statute commenced running.
Reversed and remanded with instructions to reinstate both cases.
SCHEB, A.C.J., and DANAHY and CAMPBELL, JJ., concur.